**PIN HUA LIN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General [1], Respondent.**

**No. 06–5188–ag.**

United States Court of Appeals, Second Circuit.

Dec. 5, 2007.

Lin Li, Law Office of Fengling Liu, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Leslie McKay, Senior Litigation Counsel, Dimitri N. Rocha, Washington, D.C., for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Present RICHARD J. CARDAMONE, CHESTER J. STRAUB and BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Pin Hua Lin, a citizen of the People's Republic of China, seeks review of an October 19, 2006 order of the BIA affirming the November 19, 2003 decision of Immigration Judge ("IJ") Philip L. Morace denying Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Pin Hua Lin,* No. A 79 814 560 (B.I.A. Oct. 19, 2006), *aff'g* No. A 79 814 560 (Immig. Ct. N.Y. City Nov. 19, 2003). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Iouri v. Ashcroft,* 487 F.3d 76, 81 (2d Cir.2007) (quoting section 1252(b)(4)(B)). However, we review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida-Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Substantial evidence supports the IJ's finding that Lin did not establish that he has a well-founded fear of persecution. In *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 308 (2d Cir.2007) (*en banc*), we held that "applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." Here, the IJ appropriately observed that Lin did not testify that he encountered family planning officials who threatened to harm him in any way or saw any document in China indicating that authorities intended to harm him for any violation of China's family planning policy. Although Lin asserts in his brief to this Court that Chinese authorities sought him for sterilization, he points to no evidence indicating that this is the case. The only evidence that he cites to demonstrate that the government threatened him or his wife is two notices from March 2003, one to his wife requesting that she report for sterilization and another to him demanding payment of a fine. Absent other evidence, the threat of his wife's sterilization does not establish Lin's claim that he would be persecuted. *Id.* Nor has Lin argued that the imposition of a fine constituted persecution. *See Matter of T–Z–,* 24 I. & N. Dec. 163, 170–72 (B.I.A.2007). Moreover, Lin does not challenge the IJ's finding that the country conditions evidence in the record did not demonstrate that he has an objectively reasonable fear of persecution based on China's family planning policy. Therefore, he has abandoned any challenge to that finding. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005).

Accordingly, the record, viewed as a whole, does not compel the conclusion, contrary to the IJ's, that Lin established an objectively reasonable fear of persecution. *See Shi Liang Lin,* 494 F.3d at 308. Because that finding was dispositive of Lin's asylum claim, we need not reach the IJ's alternative findings. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401 (2d Cir.2005). Because Lin was unable to show the objective likelihood of persecu-

tion needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Lin does not challenge the IJ's denial of CAT relief before this Court. As such, we deem that claim abandoned. *See Yueqing Zhang,* 426 F.3d at 546 n. 7. Additionally, Lin's motion to supplement the administrative record must be denied because we lack the authority to consider additional evidence that was not previously considered by the agency. *See* 8 U.S.C. § 1252(b)(4)(A); *Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 270 (2d Cir.2007).[2] We further decline to consider the "2007 profile" cited by Lin in his brief to this Court because that document is also not within the administrative record.

For the foregoing reasons, the petition for review and petitioner's motion to supplement the administrative record are DENIED. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DENIED as moot.

**2.** Our holding in this regard in no way prevents Lin from seeking to present this additional evidence to the BIA in the first instance through a motion to reopen pursuant to 8

C.F.R. § 1003.2(c)(1). We express no opinion as to the merits of any such motion or whether such a motion would be timely.